# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 7352 | DATE | 7/23/2002 |
| CASE TITLE | Tyrone Justine Greer vs. Bank One | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Greer has failed to plead facts sufficient to invoke equitable tolling of either the TILA or ECOA limitations periods under the doctrine of fraudulent concealment. His claims therefore are barred by the respective TILA and ECOA limitations periods, and his amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). This case is terminated. This is a final and appealable order. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 25 2002 | |
| | Notified counsel by telephone. | date docketed | 25 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | SB, docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE JUSTIN GREER,<br><br>Plaintiff,<br><br>v.<br><br>BANK ONE, FORMERLY KNOWN<br>AS THE FIRST NATIONAL BANK OF<br>CHICAGO AND FIRST CHICAGO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  No. 01 C 7352<br>)<br>)  Wayne R. Andersen<br>)  District Judge<br>)<br>)<br>) |

DOCKETED
JUL 2 5 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant Bank One to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

### BACKGROUND

On September 21, 2001, Plaintiff Tyrone Justin Greer ("Greer") filed a *pro se* complaint in which he alleged that defendant Bank One, formerly known as The First National Bank of Chicago ("Bank One") violated Greer's rights under the Truth in Lending Act, 15 U.S.C. § 1639 ("TILA") and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA").

We note at the outset that this lawsuit arises from the same set of factual circumstances as a previous lawsuit against Bank One filed last year in this Court by Greer. *See Greer v. Bank One*, No. 01 C 693, 2001 WL 1191161 (N.D. Ill. Oct. 4, 2001) (Conlon, J.). In that case, Greer sued Bank One for race discrimination under the Fair Housing Act, 42 U.S.C. § 3605. The undisputed facts in Judge Conlon's opinion granting Bank One's motion for summary judgment indicate that Bank One responded to Greer's application for a $99,900 real estate loan by sending him federal Truth in Lending and Good Faith Estimate of Settlement Charges forms on February

24, 1995. On March 21, 1995, Bank One informed Greer in writing that its preliminary underwriting review of his mortgage loan determined that Greer was qualified for only a $72,375 loan due to uncertainty surrounding the inclusion of rental income from the subject property as an asset. Bank One later requested an additional 29 items of information when it concluded that 75% of the anticipated rental income from the property could be considered in calculating Greer's loan qualification amount. A Bank One loan officer advised Greer of this determination by phone and informed him that he qualified for a loan of approximately $84,500. On April 5, Bank One received a letter from Greer stating that he wanted to end the review of his loan application.

Greer's complaint in the instant lawsuit again challenges the loan transactions which occurred between August 12, 1994 and March 21, 1995. (Complaint ¶¶ 6 – 8). Bank One filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, asserting that Greer's claims are barred by the lapse of the respective TILA and ECOA limitations periods, 15 U.S.C. § 1640 and 15 U.S.C. § 1691e(f). After the matter was fully briefed and prior to any ruling on the motion, Greer requested leave to file an amended complaint in order to allege equitable tolling of the limitations periods due to acts of fraudulent concealment by Bank One. We granted Greer's motion to amend on January 15, 2002.

Greer filed his amended complaint on February 11, 2002. Bank One again moved to dismiss pursuant to Rule 12(b)(6) on the same statute of limitations grounds, which motion has been fully briefed by the parties.

## DISCUSSION

At the outset we recognize our duty to liberally construe Greer's pleadings because he is a

*pro se* litigant, and we have done so with his amended complaint. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594 (1972). However, the standards with which a *pro se* plaintiff must comply do not diminish when it comes to applying procedural rules. *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1992). Conclusory allegations without supporting factual statements in a *pro se* pleading are insufficient to state a claim for which relief can be granted and will not defeat a meritorious motion to dismiss. *Young v. Breeding,* 929 F. Supp. 1103, 1106 (N.D. Ill. 1996).

I.  **Statutes of Limitation**

Greer's amended complaint repeats the allegations of the original complaint and adds only a new fifth paragraph purporting to allege fraudulent concealment by Bank One. It is important to note that, in both the original and amended complaints, the most recent date of any violation of either the TILA or the ECOA is March 21, 1995.

The TILA limitation period is contained in 15 U.S.C. § 1640(e), which provides that, "[a]ny action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." The original complaint was filed on September 21, 2001, more than five years after the date of the last alleged violation. Greer's TILA claim is thus time-barred unless the amended complaint alleges fraudulent concealment sufficient to invoke application of the doctrine of equitable tolling.

The ECOA limitation period is set forth in 15 U.S.C. § 1691e(f), which provides in pertinent part:

> * * * No such action shall be brought later than two years from the date of the occurrence of the violation, except that –

3

> (1) whenever any agency having responsibility for administrative enforcement under section 1691c of this title commences an enforcement proceeding within two years from the date of the occurrence of the violation,

\* \* \* then any applicant who has been a victim of the discrimination which is the subject of such proceeding or civil action may bring an action under this section not later that one year after the commencement of that proceeding or action.

The only mention in the amended complaint of any administrative action is contained in paragraph 6, which alleges that "[t]his action has been brought within two years after the official conclusion of a federal investigatory agency, HUD, termination of the complaint filed against the First National Bank of Chicago." (Amended Complaint ¶ 6.) Greer does not further identify "HUD," and this Court will presume Greer's reference is to the United States Department of Housing and Urban Development. Nevertheless, neither the Department of Housing and Urban Development nor the acronym "HUD" are among the agencies identified in 15 U.S.C § 1691c as having administrative enforcement power over ECOA violations. Accordingly, the two-year limitation period applies, and Greer's ECOA action is time-barred unless the doctrine of equitable tolling applies.

## II. Equitable Tolling

No Seventh Circuit authority exists concerning the application of the doctrine of equitable tolling to the TILA statute of limitations period, and there appears to be no authority whatsoever on the issue of whether ECOA's limitations period is subject to equitable tolling. Nevertheless, even assuming that equitable tolling is available in this case, Greer has failed to plead facts sufficient to allege fraudulent concealment by Bank One as a basis for equitable tolling.

The doctrine of equitable tolling is to be applied sparingly. *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Extraordinary circumstances far beyond the litigant's control must

4

have prevented timely filing. *Id.* To plead fraudulent concealment as a basis for equitable tolling, Greer must plead: (1) that Bank One fraudulently concealed facts that are the basis of Greer's claim, and (2) that Greer failed to discover those facts within the statutory period, despite (3) the exercise of due diligence. *Bokros v. Associates Finance, Inc.*, 607 F. Supp. 869, 874 (N.D. Ill. 1984). Fraudulent concealment implies deliberate efforts by the defendant to prevent the plaintiff from suing within the applicable statute of limitation, which efforts are above and beyond the wrongdoing upon which the plaintiff's underlying claim is based. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990); *Thomas v. Ocwen Federal Bank*, 2002 WL 99737, at *3 (N.D. Ill. Jan. 25, 2002). The alleged acts of concealment must amount to active steps beyond a mere non-disclosure or failure to disclose the alleged initial fraudulent conduct. *See Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001); *Thomas*, 2002 WL 99737, at * 3. Furthermore, a plaintiff requesting the application of the doctrine of equitable tolling must also demonstrate his own due diligence in discovering his cause of action prior to the expiration of the statute of limitations.

The standard of specificity in alleging the basis for fraudulent concealment is further heightened through the application of Federal Rule of Civil Procedure 9(b), which requires the circumstances of fraud to be pled with particularity. *See Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). A complaint should distinctly state what the discovered fraud actually was and when the plaintiff discovered it, so that the Court may evaluate whether he could have discovered it through the exercise of due diligence. *Jones v. Saxon Mortgage, Inc.*, 980 F.Supp. 842, 847 (E.D. Va. 1997), *aff'd*, 161 F.3d 2 (4th Cir. 1998); *Kicken v. Valentine Production Credit Association*, 628 F.Supp. 1008, 1011 (D.Neb. 1984), *aff'd* 754

F.2d 378 (8th Cir. 1984).

Greer's allegations in his amended complaint fall far short of the above standards. The fraudulent concealment claim is contained in paragraph 5 of the amended complaint as well as in paragraph 5 of his Response to Defendant's Motion to Dismiss. He has alleged that Bank One sent him "...a fake Federal Truth in Lending Statement..." and "...issu[ed] a Federal Truth in Lending statement on or about 2/25/95 including taxes and insurance, but fraudulently not including both in the statement issued to the Plaintiff by leaving out the disclosures." Greer fails to allege any conduct by Bank One other than these rudimentary acts of what he described as fraud. As required by Rule 9(b), Greer must provide information regarding the who, what, where when and how of the alleged fraud. Conclusory statements alleging fraud are not sufficient. Although Greer personally dealt with Bank One, he has failed to allege the name of the bank's representative(s) who issued him the "fake Federal Truth in Lending Statement" or who otherwise defrauded him. He has failed to identify the manner in which the challenged Truth in Lending statement is knowingly misleading. Finally, he has failed to allege how the inclusion of taxes and insurance in one Truth in Lending form and not the other was either misleading or intentionally fraudulent.

Furthermore, Greer has alleged no facts whatsoever demonstrating his exercise of due diligence or to otherwise explain his failure to discover facts fraudulently concealed by Bank One within the statute of limitations periods. Even considering Greer's statement in his response to Bank One's motion that he did not discover the alleged fraud until he deposed certain persons in August 2001, Greer has not offered a satisfactory explanation as to why it took over six years since the last allegedly fraudulent act to discover the purported fraud.

6

Additionally, though neither party addressed the issue in their pleadings, we note that this case also should be dismissed pursuant to the principles of *res judicata*. *Res judicata*, also known as claim preclusion, refers to the effect of a prior judgment in "foreclosing successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808 (2001). *Res judicata* bars a claim where there was a: "(1) judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action between both suits." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). *See also Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997). In this case, Judge Conlon reached a decision on the merits when she granted summary judgment in Bank One's favor last year. Furthermore, the parties in the two suits are identical and all of the causes of action against Bank One arose from the same set of facts. To avoid the application of *res judicata* here, Greer should have amended his earlier lawsuit to add his TILA and ECOA counts. Therefore, the complaint must be dismissed.

## CONCLUSION

Greer has failed to plead facts sufficient to invoke equitable tolling of either the TILA or ECOA limitations periods under the doctrine of fraudulent concealment. His claims therefore are barred by the respective TILA and ECOA limitations periods, and his amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 23, 2002